UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EASTMAN OUTDOORS, INC.,
a Michigan Corporation,

        Plaintiff,

                               No. 06-CV-12150-DT
                               Hon. Gerald E. Rosen

v.

SERENE INNOVATIONS, INC.,
a California Corporation,

        Defendant.
_____/

OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      April 11, 2008       

PRESENT:  Honorable Gerald E. Rosen
                United States District Judge

## I. INTRODUCTION

      This trademark infringement action is presently before the Court on Defendant's

re-filed Fed. R. Civ. P. 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction.

Plaintiff has responded to Defendant's Motion and Plaintiff has replied. Having reviewed

and considered the parties' briefs and the entire record of this matter, including the

transcript of the hearing held on Plaintiff's earlier motion to dismiss, the Court has

determined that further oral argument is not necessary. Therefore, pursuant to Eastern

1

District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling.

## II. PERTINENT FACTS AND PROCEDURAL BACKGROUND

Eastman Outdoors, Inc. (Eastman) is a Michigan corporation with its principal place of business located in Flushing, Michigan. Eastman manufactures and markets, among other things, a food appliance known as the "Reveo," a meat marinating and tenderizing apparatus. The patented machine tenderizes meat by vacuuming air out of a barrel. Food is first inserted into the barrel, and closed using a vacuum-sealed lid. On the lid of the Reveo is a five-pointed star with flattened points and circular segments forming the indentation. On the body of the barrel is the mark "Eastman Outdoors." Both of these marks are registered trademarks owned by Eastman.

Eastman sells its products through its catalogs, other retailers' catalogs including the Williams Sonoma and Front Gate catalogs, and various retail stores. The Reveo has been on the market for more than two years and was featured in the May 2006 Williams Sonoma catalog. Its retail price is $200.00.

On May 9, 2006, Robert Girard, Eastman's Vice-President of Sales and Marketing, attended the Las Vegas Gourmet Housewares Show in Las Vegas, Nevada. The purpose of the Show is to offer products for sale to buyers to obtain orders for future delivery. Eastman was featuring the Reveo at the Show to obtain commitments from national retailers, including Costco, Home Depot and Lowe's.

While in attendance at the Las Vegas Show, Mr. Girard toured the Show floor and

discovered a product on display in another booth called "Mr. Marinator." The Mr. Marinator machine was identical to Eastman's Reveo in all but the color and was being offered for sale to buyers at the trade show at half the price of the Reveo. Girard obtained Mr. Marinator literature at the booth which described the product as being for sale by Serene Innovations, Inc. According to Mr. Girard, the barrel of the Mr. Marinator displayed at the Las Vegas show was *the Reveo barrel* itself; the barrel even had Eastman's registered five-point star logo on it. The sales literature of the Mr. Marinator was also remarkably similar to that of the Reveo.

Based upon Girard's discovery of the Mr. Marinator at the Las Vegas show, on May 10, 2006, Eastman instituted this trademark infringement lawsuit against Serene Innovations, filing shortly thereafter, a Motion for Preliminary Injunction. Defendant responded by way of a Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process.

The Court heard argument on the parties' motions on October 3, 2006. At this hearing, Plaintiff produced records that purported to show two internet orders for Plaintiff's Reveo product placed by George Cheung, President of Serene Innovations. Because these records appeared to contradict the affidavits offered by Defendant in support of its lack of personal jurisdiction argument, the Court ordered jurisdictional discovery, specifically directing that George Cheung be deposed, and dismissed Defendant's motion to dismiss without prejudice to its right to renew the motion after the

completion of Mr. Cheung's deposition.[1]

Cheung's deposition has now been taken and, pursuant to the Court's previous rulings, Defendant has re-filed its motion to dismiss.

Cheung's deposition showed that Serene Innovations is a California corporation with its principal place of business located in Norwalk, California. Other than its two principals, Mr. Cheung and his wife,[2] Serene has no employees. The company imports, distributes and sells small home appliances such as vacuum storage devices and accessories. However, Serene does no manufacturing in Michigan, has no agent for service of process in Michigan, owns no real or tangible property in Michigan, does not have a license to do business in Michigan, and maintains no bank accounts within the State.

Mr. Cheung also testified as to the character of Serene's website: Although Serene maintains a website that features a "shopping cart," the website does not have the capability to process credit card orders. Accordingly, no sales have ever been completed on Serene's website. Nor has Serene ever sold a Mr. Marinator product, although Defendant concedes that it is planning to import such a product and displayed a

---

[1] The Court also ordered that Eastman's motion for preliminary injunctive relief be held in abeyance pending resolution of the personal jurisdiction matters.

[2] According to the California Secretary of State's records, Clarie Cheung is the Registered Agent of the corporation with the listed address of 14730 Beach Blvd., #103, La Mirada, California 90638. George Cheung is listed as the "principal" of the company with an address of 14111 El Mirador Street, La Mirada, California 90638.

"prototype"of the machine at the Las Vegas show.

Defendant does not deny that the prototype was developed by using the barrel of Eastman's Reveo. The record evidence shows that George Cheung made two internet purchases of Reveo meat tumbler barrels from Eastman. (The barrels are the principal component part of the machine.) On December 30, 2005, Cheung purchased four tumbler barrels from Eastman, then on April 20, 2006, i.e., shortly before the Las Vegas Housewares Show, he purchased two more barrels. All of the barrels were shipped from Flushing, Michigan to Cheung: The first order of four barrels was shipped to Cheung at Serene Innovations' Norwalk, California address, while the second order was shipped to Cheung at his La Mirada, California address. *See* Plaintiff's Exhibits A and B. Cheung testified that his purchase of the barrels was intended "for R&D purpose[s]." [Cheung Dep., p. 30.]

III. DISCUSSION

A.    STANDARDS APPLICABLE TO MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

When a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing jurisdiction over the defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Although generally a plaintiff need only make a *prima facie* showing of jurisdictional facts, where, as here, the pleadings and other submitted materials raise issues of credibility or disputed questions of fact with regard to jurisdiction, the Court has discretion to take evidence at an evidentiary

hearing or to order jurisdictional discovery. *See Serras v. Furst Tennessee Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). In such a case, the burden on the party asserting jurisdiction increases; the plaintiff must then establish that jurisdiction exists by the same standard that would apply if the matter were deferred to trial: the plaintiff must establish jurisdiction by a preponderance of the evidence. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003).

In the Sixth Circuit, "[w]here a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir.2002) (citations omitted).

B.    MICHIGAN'S "LONG-ARM" STATUTE

Michigan's "long-arm" statute extends "limited" jurisdiction over nonresident corporations pursuant to M.C.L. § 600.715. M.C.L. § 600.715(1) provides for limited jurisdiction when an defendant engages in "the transaction of any business within the state." When construing this language, the Michigan Supreme Court stated that "the word 'any' means just what it says. It includes 'each' and 'every'. . . . It comprehends the 'slightest'" business transaction. *See Lanier v. American Bd. of Endodontics*, 843 F.2d 901, 905-06 (6th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988) (quoting *Sifers v. Horen*, 385 Mich. 195, 199 n. 2 (1971)).

In this case, Serene transacted business in Michigan when its president, George Cheung made two purchases of Reveo meat tumbler barrels for use in "research and development" of Serene's Mr. Marinator product.

M.C.L. § 600.715(2) also provides for limited jurisdiction over "the doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort." Under this subsection, "either the [defendant's] tortious conduct or the injury [caused by the tort] must occur in Michigan." *Green v. Wilson*, 455 Mich. 342, 352, 565 N.W.2d 813, 817 (1997).

Infringement of a trademark is a tort. *See Dakota Indus. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1388 (8th Cir. 1991); *Union National Bank v. Union National Bank*, 909 F.2d 839, 843 n. 10 (5th Cir.1990); *Keds Corp. v. Renee Int'l Trading Corp.*, 888 F.2d 215, 218 (1st Cir.1989); *see also Bird v. Parsons*, 289 F.3d 862 (6th Cir. 2002) (construing provision of Ohio's long-arm statute which provides for personal jurisdiction over a defendant whose acts "cause tortious injury in Ohio" and holding that "violations of federal trademark law are analogous to tort cases" for purposes of the Ohio statute). The economic injury suffered by a plaintiff whose trademark has been violated occurs both in places where the plaintiff does business and in the state where its primary office is located. *Bird v. Parsons, supra*, 289 F.3d at 876. Plaintiff Eastman's primary office is in Michigan. Therefore, the injury caused by Defendant's alleged infringement of Plaintiff's trademark has occurred or will occur in Michigan.

Based upon the foregoing discussion, the Court finds that the requisites of the

Michigan long-arm statute have been met:  limited jurisdiction exists over Defendant

Serene pursuant to M.C.L. § 600.715(1) and (2).

C.      DUE PROCESS

In order to satisfy the requirements of due process, a defendant must have certain

"minimum contacts" with the forum state "such that the maintenance of the suit does not

offend traditional notions of fair play and substantial justice." *Youn v. Track, Inc.*, 324

F.3d 409, 417 (6th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316

(1945)).  Minimum contacts exist when "then defendant's conduct and connection with

the forum state are such that he should reasonably anticipate being haled into court there."

*World-Wide Volkswagen Corp, v. Woodson*, 444 U.S. 286, 297 (1980).  Further, it is

necessary that the defendant "purposefully avail himself of the privilege of conducting

activities within the forum state, thus invoking the benefits and protections of its laws."

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

A court may exercise either "general" or "specific" jurisdiction over a non-resident

defendant.  *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002).  General jurisdiction

exists when a defendant's "contacts with the forum state are of such a continuous and

systematic nature that the state may exercise personal jurisdiction over the defendant even

if the action is unrelated to the defendant's contacts with the state." *Id.* (citing *Third Nat'l

Bank of Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)).  Plaintiff

does not contend that a finding of general jurisdiction is proper in this case.  Plaintiff does

assert, however, that "specific" jurisdiction exists over Defendant Serene.   Exercising

specific personal jurisdiction is proper where the claims in the case arise from or are related to the defendant's contacts with the state. *Intera v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005).

The Sixth Circuit has utilized a three-part test in addressing the due process requirements for specific jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Intera, supra* (quoting *Southern Machine Company v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir. 1968).

1.      Purposeful Availment

The first step of the *Intera/Mohasco* test requires that the plaintiff demonstrate that the defendant "purposefully avail[ed] himself of acting in the forum state or causing a consequence in the forum state." *Southern Machine v. Mohasco, supra. See also*, *W.H. Froh, Inc. v. Thomas Domanski, supra*, 252 Mich. App. at 230. "Purposeful availment" is the "constitutional touchstone" of personal jurisdiction. *Neogen, supra*, 282 F.3d at 889. As the Sixth Circuit explained in *Third National Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087 (6th Cir. 1989),

> The "purposeful availment" requirement
>
> > ensures that a defendant will not be haled into a jurisdiction as a result of "random," "fortuitous," or "attenuated" contacts, or

of the "unilateral activity of another party or a third person." Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a "substantial connection" with the forum State.

882 F.2d at 1090 quoting *Burger King*, 471 U.S. at 475, 105 S.Ct. at 2183-84 (internal citations and footnotes omitted).

In assessing a defendant's contacts with the forum state, "'[i]t is the 'quality' of [the] contacts,' and not their number or status, that determines whether they amount to purposeful availment." *Reynolds v. International Amateur Athletic Federation*, 23 F.3d 1110, 1119 (6th Cir.), *cert. denied*, 513 U.S. 962 (1994) (quoting *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1301 (6th Cir.1989), *cert. denied*, 494 U.S. 1056 (1990)). Indeed, consciously seeking a single contract with a resident of the forum state can constitute "purposeful availment." *See McGee v. International Life Ins. Co*., 355 U.S. 220 (1957) (finding that due process did not prohibit California from asserting jurisdiction over a Texas insurance company based upon the issuance of a single insurance contract where the insurance company had consciously sought the contract with the California insured); *see also Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc*., 148 F.3d 1355, 1359 (Fed. Cir. 1998) ("[E]ven a single contact with a forum state may suffice for personal jurisdiction if it is directly and substantially related to the plaintiff's claim."); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996) (finding sufficient basis for exercising personal jurisdiction in Ohio over a Texas resident who consciously reached out from Texas to Ohio to enter into a single subscription agreement for

10

CompuServe's services).

In this case, Defendant's contacts with Eastman were not "random," "fortuitous," or "attenuated."  Nor were the contacts the result of the "unilateral activity" of some unrelated third party.  Rather, the contacts were the result of actions taken by the president and principal of Serene Innovations himself.

George Cheung reached out to Eastman, a Michigan-based company, to purchase a necessary component part for Serene's Mr. Marinator machine. Cheung testified that the purpose of his purchase of the Reveo meat tumbler barrels was for the development of Serene's own product.  A reasonable inference is that at least one of the barrels bearing Plaintiff's registered mark purchased by Cheung was used to create the "prototype" Serene displayed at the Las Vegas trade show.  Thus, the contacts with the Michigan resident, Eastman, were certainly not "random" or "fortuitous."  Rather, they were the result of Cheung's conscious actions on behalf of Serene directed at the Eastman company in Michigan.  Nor were they "attenuated" contacts.  This is not a case where the Defendant's contacts with a resident of the forum state were product purchases unrelated to the Plaintiff's claim.   Rather, Plaintiff's claim arises directly out of Defendant's purchases.  Defendant not only purchased Plaintiff's product, it also misappropriated the use of Plaintiff's product -- marks and all -- to create its own product and put it on display for the purpose of generating sales of a product that would compete directly with Plaintiff's product.  Under these circumstances, the Court finds that Defendant's contacts satisfy the "purposeful availment" requirement.

1.  <u>Arising From Defendant's Activities</u>

    The second prong of the *Mohasco* test is that the plaintiff's cause of action must "arise from" the defendant's contacts with the forum state. The Sixth Circuit has articulated the standard for this prong in a number of different ways, such as whether the cause of action was "made possible by" or "lie[s] in the wake of" the defendant's contacts, *Lanier*, 843 F.2d at 909, or whether the cause of action is "related to" or "connected with" the defendant's contacts with the forum state. *Youn v. Track, Inc.*, 324 F.3d 409, 419 (6th Cir.2003) (quoting *Third Nat. Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1091 n. 2 (6th Cir.1989)). The Sixth Circuit has characterized this as a "lenient standard"and has noted that causes of action need not "formally" arise from the defendant's contacts. *Air Products and Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 553 (6th Cir. 2007) (quoting *Bird v. Parsons, supra*). "Only when the operative facts of the controversy are not related to the defendant's contact with the state can it be said that the cause of action does not arise from that contact." *Southern Machine v. Mohasco, supra*, 401 F.2d at 384 n. 29.[3]

    ---

    [3]  The standard is not, as Defendant argues, one that would find the "arising from" prong satisfied only in Nevada, where the known "passing off" of Plaintiff's marks occurred. Defendant bases this argument on the theory that a cause of action for trademark infringement arises only where the passing off occurs. However, the Sixth Circuit has never addressed the question of where a cause of action for trademark infringement arises and the courts that have addressed the issue are not uniform in their conclusions. *Compare Dakota Indus. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1388 (8th Cir.1991) (stating that the tort of trademark infringement is considered to have occurred where the passing off of the allegedly infringing goods occurred) with *Acrison, Inc. v. Control & Metering, Ltd.*, 730 F.Supp. 1445, 1448 (N.D.Ill.1990) ("Damage to intellectual property

As the discussion in the previous section suggests, construing the facts in a light most favorable to the Plaintiff, this test is satisfied here. Here, Plaintiff alleges a trademark infringement claim arising directly from a purchased barrel -- a claim arising out of Defendant's contacts with the forum state. Indeed, it can be said that Defendant's contacts with the forum made Plaintiff's claim possible. *See In Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 232 (6th Cir. 1972) (finding the Ohio plaintiff's cause of action for breach of contract and business disparagement arose out of Minnesota defendant's contacts with Ohio where defendant's stop payment order on the check it sent to plaintiff made possible both the plaintiff's claims as well as their consequences).

3.    Substantial Connection

The final *Mohasco* factor a court must consider is whether "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Southern Machine v. Mohasco*, *supra*, 401 F.2d at 381; *Starbrite Distributing, Inc. v. Excelda Manufacturing Company*, 454 Mich. 302, 312-13, 562 N.W.2d 640 (1997). The Sixth Circuit has held that an inference arises that this third prong of the *Mohasco* test is satisfied if the first and second prongs are met. *Theunissen*

---

rights (infringement of a patent, trademark or copyright) by definition takes place where the owner suffers the damage." *Id.*) In any event, as the authorities discussed above demonstrate, to satisfy due process for purposes of personal jurisdiction does not require such formality.

*v. Matthews*, 935 F.2d at 1461.  To overcome this inference, the defendant must present a "compelling case that the presence of some other considerations render personal jurisdiction unreasonable." *Starbrite*, 454 Mich at 313 (quoting *Burger King*, 471 U.S. at 477).  The Court then must balance the "burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief." *Theunissen*, 935 F.2d at 1462 (quoting *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 133 (1987)).

Both Plaintiff, as a Michigan resident, and the State of Michigan have an interest in resolving the matter in Michigan.  *Cf.*, *Burger King v. Rudzewicz*, 471 U.S. at 478 (noting that forum state had "manifest interest" in providing a forum for its residents).  It would undoubtedly burden Serene to defend this case from California, but "[w]hen minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant." *Asahi*, 480 U.S. at 114.

Defendant here has not presented any argument of unreasonableness other than to stand on its conviction -- which as shown above, is mistaken -- that "[s]ince Eastman cannot show that Serene purposefully directed its activities at Michigan residents and that its claims arise out of Serene's activities in Michigan, it would be unreasonable to exercise personal jurisdiction over Serene." [Defendant's Response Brief, p. 13.]

While the Court is cognizant that Serene and its principals reside in California, the Sixth Circuit has routinely upheld specific jurisdiction in cases where doing so forced

the defendant to travel to the forum state. *See, e.g., Lanier v. Am. Bd. of Endodontics*, *supra*, 843 F.2d at 911-12 (upholding jurisdiction in Michigan over Illinois defendant); *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1170-71 (6th Cir.1988) (allowing jurisdiction in Michigan over California defendant).

In this case, the Court finds that the burden on Defendant does not outweigh the interests of the Plaintiff in litigating this case in Michigan. While it may be true, as Defendant suggests, that Plaintiff could have filed this action in Nevada, where the "passing off" occurred, the choice of forum is Plaintiff's to make, and Plaintiff chose to file its action here.[4]

More importantly, the Court finds that it is not unreasonable for Defendant to anticipate being haled into court in Michigan to defend its actions in this case. Here, the company's principal purchased a part from a Michigan seller that bore the seller's registered mark. Then, using the marked part, Defendant built its own machine (to directly compete with the seller's product) and, without the seller's authorization, put its newly constructed product with the seller's part -- mark and all -- on display for the purpose of generating sales of its own. This is not simply a case involving the simple

---

[4] Although geographically Nevada may be more desirable to Defendant than this forum as Nevada is certainly nearer to California than Michigan, nothing in the record suggests that personal jurisdiction over the Defendant would exist in Nevada. *Cf., Amazon Tours, Inc. v. Wet-A-Line Tours, LLC*, 2002 WL 230895 (N.D. Tex. 2002) (finding insufficient minimum contacts to support Texas court's assumption of personal jurisdiction over defendant who maintained only a "passive" website and was present in the forum state only on two occasions to participate in two trade shows).

purchase of a marked product. Had Defendant merely bought the barrel, built a "prototype" using the part, tried the new machine out to see how it would work, and then either disassembled it or just put the prototype on the shelf in its workshop, the outcome likely would be different. But in this case, taking advantage of the reputation and goodwill associated with Plaintiff's marks, Defendant showed the machine to -- and solicited sales of it from -- the same customers that Plaintiff was targeting. Under these circumstances, the Court finds that Defendant reasonably should have anticipated being haled into court in the state where the consequences of its actions would be felt.

For all of these reasons, the Court finds that Plaintiff Eastman Outdoors has met its burden of showing that the Michigan long-arm statute applies to Defendant Serene Innovations and that exercising personal jurisdiction over Defendant does not violate Due Process.

<u>CONCLUSION</u>

For all of the reasons stated above in this Opinion and Order,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Dkt. # 19] is

DENIED.


<u>s/Gerald E. Rosen</u>
Gerald E. Rosen
United States District Judge

Dated: April 11, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2008, by electronic and/or ordinary mail.

<u>s/V. Sims for LaShawn R. Saulsberry</u>
Case Manager